IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SADIE MAE HIBEN,                          )
                                          )
                    Plaintiff,            )
                                          )
        v.                                )   Civil Action No. 18-1590
                                          )
ANDREW M. SAUL,                           )
Commissioner of Social Security,          )
                                          )
                    Defendant.            )

O R D E R

AND NOW, this 20th day of May, 2020, upon consideration of Defendant's Motion for

Summary Judgment (Doc. No. 14) filed in the above-captioned matter on June 18, 2019, AND,

further, upon consideration of Plaintiff's Motion for Summary Judgment/Motion for Dismissal of

ALJ Unfavorable Decision (Doc. No. 20) filed on February 26, 2020, and in consideration of the

various briefs and supplemental responses filed by the parties (Doc. Nos. 9, 17, 21, 22, 23, 25),

        IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is DENIED

and that Plaintiff's Motion for Summary Judgment/Motion for Dismissal of ALJ Unfavorable

Decision is GRANTED.[1]

        IT IS FURTHER ORDERED that the final decision of the Commissioner of Social

Security ("Commissioner") denying Plaintiff's claim for benefits is VACATED, and the case is

---

[1]      Because the Court is granting Plaintiff's Motion filed at Doc. No. 20 and remanding the
matter for further administrative consideration, it will deny Plaintiff's earlier filed Motion for
Summary Judgment (Doc. No. 8) as moot.

REMANDED to the Commissioner to be assigned to a different, constitutionally-appointed

administrative law judge ("ALJ") for a new hearing and a new determination as to whether

Plaintiff is disabled under the Social Security Act.

The administrative hearing in this case was conducted by ALJ John J. Porter on October

18, 2017, and ALJ Porter issued his decision denying Plaintiff's claim for benefits on January 29,

2018.  Plaintiff sought review before the Appeals Council.  Subsequently, on June 21, 2018, the

United States Supreme Court issued its decision in Lucia v. S.E.C., 138 S. Ct. 2044 (2018),

finding that an ALJ of the Securities and Exchange Commission assigned to hear enforcement

actions is an "Officer of the United States," subject to the Appointments Clause of the United

States Constitution.  The Supreme Court further held that a party "'who makes a timely challenge

to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled

to relief."  Id. at 2055 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)).  The

appropriate relief, given that the ALJ had not been properly appointed under the Appointments

Clause, was remand for a new hearing before a different, constitutionally appointed ALJ.  See id.

While Lucia did not purport to address the constitutionality of the ALJs in other federal agencies,

in response to the opinion, the President of the United States, on July 10, 2018, issued an executive

order stating that "at least some – and perhaps all – ALJs are 'Officers of the United States' and

thus subject to the Constitution's Appointments Clause."  Exec. Order No. 13843, 83 Fed. Reg.

32755 (July 10, 2018).  Shortly thereafter, the Acting Commissioner reappointed the ALJs of the

Social Security Administration ("SSA") under her own authority.  See S.S.R. 19-1p, 2019 WL

1324866 (S.S.A.), at *2.

Accordingly, at the time of the hearing before ALJ Porter and as of the date of his decision denying Plaintiff benefits, he was not properly appointed under the Appointments Clause. Plaintiff did not raise this issue at the administrative level, but instead filed her appeal with this Court. However, on January 23, 2020, while this case was pending, the Third Circuit Court of Appeals issued its decision in Cirko v. Comm'r of Soc. Sec., 948 F.3d 148 (3d Cir. 2020), holding that social security claimants "may raise Appointments Clause challenges in federal court without having exhausted those claims before the agency." Id. at 153. It further held that since, by the SSA's own admission, its ALJs had not been properly appointed at the time of the claimant's administrative proceedings, the claimant was entitled to a new hearing before a different ALJ. See id. at 158-60.

Plaintiff's opening brief (Doc. No. 9), which was filed well in advance of the Third Circuit's decision in Cirko, did not raise any Appointments Clause issues or reference the Supreme Court's opinion in Lucia. After the issuance of Cirko, however, the Court asked for supplemental briefing as to the impact, if any, of Cirko in this case. In her instant motion, filed on February 26, 2020, Plaintiff did assert a challenge to the appointment of ALJ Porter under the Appointments Clause. (Doc. No. 20). The parties do not dispute – and the Court agrees – that the ALJ in this case had not been constitutionally appointed during the relevant time period. Pursuant to Cirko, then, Plaintiff would therefore be entitled to a new hearing before an ALJ other than ALJ Porter and a new disability determination regardless of whether she raised the issue at the administrative level.

Defendant acknowledges that this Court is bound by the Third Circuit's decision in <u>Cirko</u>.[2]

He argues, however, that while <u>Cirko</u> addressed the issue of exhaustion of administrative remedies

before the SSA, it did not address the issue of waiver of an Appointments Clause claim at the

federal court level.  Defendant asserts that, based on well-established principles, Plaintiff waived

any Appointments Clause challenge by failing to raise the issue in her opening brief.  The Court

first notes that, as the Honorable Patricia Dodge recently discussed, although Defendant uses the

term "waiver," the issue is not one of waiver, but rather of forfeiture.  <u>See</u> <u>Schaffer v. Saul</u>, Civ.

No. 19-1153, 2020 WL 2526938, at *2 (W.D. Pa. May 18, 2020).  Relying primarily on <u>Barna v.

Board of School Directors of Panther Valley School District</u>, 877 F.3d 136 (3d Cir. 2017), Judge

Dodge explained that a waiver is the intentional relinquishment or abandonment of a known right,

whereas a forfeiture is the failure to make the timely assertion of a right, such as the inadvertent

failure to raise an argument.  <u>See</u> <u>Schaffer</u>, 2020 WL 2526938, at *2 (citing <u>Barna</u>, 877 F.3d at

147).  As in that case, there is no basis in this case for finding that Plaintiff intentionally waived

her right to challenge the constitutionality of ALJ Stanley's appointment.

The issue, then, is whether Plaintiff forfeited her Appointments Clause argument by failing

to raise it in her opening brief in this case.  Forfeiture, in contrast to waiver, occurs when a party

negligently fails to address an issue in the opening brief.  <u>See</u> <u>Grant for A.D. v. Saul</u>, Civ. No. 18-

1338, 2020 WL 1531664, at *1 (E.D. Pa. March 31, 2020) (citing <u>Barna</u>, 877 F.3d at 146-47).

"The distinction is important because 'a federal court has the authority to resurrect only forfeited

---

2       Although Defendant admits that the Court must follow <u>Cirko</u>, he presents his argument
challenging the validity of that decision for the purpose of preserving the issue for potential further
review.  The Court acknowledges that the issue has been raised, but obviously rejects any

claims.'"  Schaffer, 2020 WL 2526938, at *2 (quoting Barna, 877 F.3d at 146 n.7).  Although

courts generally will not reach a forfeited issue absent "exceptional circumstances," they are more

apt to do so when the forfeited issue is purely legal in nature.  Barna, 877 F.3d at 147.  Courts will

reach "'a pure question of law even if not raised below when refusal to reach the issue would

result in a miscarriage of justice or where the issue's resolution is of public importance.'"  Id.

(citing Bagot v. Ashcroft, 398 F.3d 252, 256 (3d Cir. 2005)).  Among the situations that may

constitute exceptional circumstances are where there is uncertainty or intervening changes in the

law.  See id. (citing Flynn v. Comm'r of I.R.S., 269 F.3d 1064, 1068-69 (D.C. Cir. 2001)).

        As discussed above, while Lucia had been decided prior to the initial round of briefing in

this case, Cirko had not.  Although a plaintiff certainly could have devised an Appointments

Clause argument in the social security context based on Lucia, Lucia did not actually address the

issue directly.  Cirko did.  Moreover, as Defendant acknowledges, post-Lucia, most courts had

held that plaintiffs who had not raised Appointments Clause challenges at the administrative level

had forfeited such challenges.  See Griffin v. Comm'r of Soc. Sec., Civ. No. 18-85, 2020 WL

733886, at **9-10 (N.D. Iowa Feb. 13, 2020) (collecting cases).  Under these circumstances, the

Third Circuit's decision in Cirko made raising a successful Appointments Clause challenge in a

social security case far more feasible.  This Court finds that the issuance of this decision created

exceptional circumstances sufficient for the Court to consider Plaintiff's Appointments Clause

arguments even though not raised in her initial brief.  The issue is essentially legal in nature, and

the Third Circuit emphasized the importance of the issue in Cirko.  See 948 F.3d at 154-55.

---

argument as to the validity of the Third Circuit's decision in Cirko at this procedural stage.

Indeed, given that the decision in <u>Cirko</u> was in large part crafted to prevent parties from forfeiting rights inadvertently by failing to raise them at the first opportunity, it seems appropriate to extend this way of thinking to federal cases such as this one.  Accordingly, the Court will exercise its discretion to consider the Appointments Clause issue raised by Plaintiff.  <u>Accord</u> <u>Schaffer</u>, 2020 WL 2526938; <u>Grant</u>, 2020 WL 1531664; <u>Grant v. Saul</u>, Civ. No. 19-2555, 2020 WL 977323 (E.D. Pa. Feb. 28, 2020).  As the Court explained above, there is no question that in light of <u>Cirko</u>, Plaintiff must prevail on this issue.

Accordingly, this case will be remanded to the Commissioner for a new hearing and determination by a properly appointed ALJ other than ALJ Porter.  Because the Court is remanding this case on this ground, it does not reach the other issues raised by Plaintiff.  To the extent error is alleged, it should be addressed on remand.  <u>See</u> <u>Hoover v. Saul</u>, Civ. No. 19-579, 2020 WL 1550663, at *2 (M.D. Pa. Apr. 1, 2020) (citing <u>Holst v. Saul</u>, Civ. No. 18-2182, 2019 WL 5457920, at *9 (M.D. Pa. Sept. 10, 2020)).


                                                  s/Alan N. Bloch
                                                  United States District Judge


ecf:          Counsel of record